AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.            **ORDER OF DETENTION PENDING TRIAL**

    SALVADOR G. FLOREZ           Case Number: 06-20045-02-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 14, 2006          s/ David J. Waxse
                                         *Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Salvador G. Florez
Criminal Action 06-20045-02-KHV-DJW

## Part II - Written Statement of Reasons for Detention

The statute requires that I take into consideration a series of factors to determine whether you should be released. Those factors include the nature and circumstances of the offense charged, including wether it is a crime of violence, or an offense which has a maximum sentence of ten years. Both the possession of a gun, which has been construed to be a crime of violence, and the sentence make that a negative factor.

The next factor is the weight of the evidence. There has been a Grand Jury Indictment finding probable cause, so that is a negative factor.

The next factor is your character, physical and mental condition. There seems to be no problem with your physical and mental condition.

Your family ties are the next factor, and they seem to be positive.

Employment is positive.

The next factor is financial resources. You do not appear to have a large amount of assets enabling you to flee, so that would be a positive.

The next factor is your length of residence in the community, which is a positive.

Your community ties are positive.

Your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings, is clearly your biggest problem. Based on the Pretrial Services Report, there are several failures to appear and several alleged parole violations, as well as at least two active warrants.

The next factor is whether at the time of the current offense you were on probation, parole, or other release. Clearly you were, since there are warrants pending for cases that are still active.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. In this case, with both firearms and drugs involved, that is a substantial negative factor.

Considering all those factors, I don't find that there are conditions that will clearly protect the community, so you will remain detained.